UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZABIULLAH NASIRI,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC., et al.,<br><br>Defendants. | 2:24-cv-02111 KJM CKD (PS)<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff's pro se complaint filed on August 5, 2024, is before the court for screening.[1] (ECF No. 1.) Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, and the motion to proceed in forma pauperis is granted. However, the complaint fails to invoke the court's subject matter jurisdiction and fails to state a claim. Because the complaint's deficiencies cannot be remedied by amendment, the undersigned recommends the complaint be dismissed without leave to amend.

**I.   Allegations in the Complaint**

Plaintiff alleges the defendant, Pfizer, Inc., deceived the public with widespread misrepresentation that its vaccine possessed 95% efficacy against COVID-19 infections, among other information that was highly misleading. (ECF No. 1.) Plaintiff alleges harm in the form of

---

[1] This matter is before the undersigned for these findings and recommendations pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

defendant's conduct impacting "Plaintiff and the public's decision-making process concerning vaccination status to his/their detriment" based on a distorted risk/benefit analysis caused by defendant's misrepresentations. (Id. at 55.) "Had plaintiff and the public known the truth about the efficacy of Pfizer's COVID-19 vaccine, Plaintiff and a substantial portion would likely have opted for an alternative or foregone inoculation altogether." (Id. at 55-56.)

Plaintiff brings this action under "California's Deceptive Trade Practice Act ('CDTPA')" (id. at 6) and the Federal Trade Commission ("FTC") Act (see id. at 58). In addition, the complaint indicates the claims are brought under California Business and Professional Code § 17500, California Business and Professional Code §17500.5, and California Civil Code 1770. (Id. at 1, 6.)

The complaint asserts five causes of action as follows: "misrepresentations concerning relative risk reduction;" "misrepresentations concerning durability of protection;" "misrepresentations concerning transmission;" "misrepresentations concerning protection against variants;" and "scheme to conceal vaccine underperformance." (ECF No. 1 at 58-60.) Plaintiff seeks damages and injunctive relief. (Id. at 61-62.)

**II.   Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011). In addition, the court liberally construes pro se pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly

explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc)).

### III.   Discussion

At the outset, the court notes plaintiff, as a pro se litigant, can only bring and prosecute claims on behalf of himself, and not the general public. Courts routinely adhere to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).

In addition, plaintiff cannot state a claim under the Federal Trade Commission Act because there exists no private right of action. See Dreisbach v. Murphy, 658 F.2d 720, 730 (9th Cir. 1981); Kerr v. Am. Home Mortg. Serv'g, Inc., No. 10-cv-1612-BEN-AJB, 2010 WL 3743879, at *3 (S.D. Cal. Sep. 22, 2010) (explaining that only the Federal Trade Commission has standing to enforce the Act). While some of the California statutes cited by plaintiff allow individuals to bring a lawsuit, plaintiff fails to invoke the court's subject matter jurisdiction to sue under those statutes and fails to state a claim under those statutes.

The complaint asserts this court has subject matter jurisdiction on the basis of a federal question, "specifically 28 U.S.C. § 2241 U.S.C. § 1983." (ECF No. 1 at 6.) Section 2241 gives the power to grant a writ of habeas corpus and has no application here. Section 1983 exists to redress violations of rights, privileges, or immunities secured by the Constitution and federal laws by a person or entity acting under the color of state law. See 42 U.S.C. § 1983. Plaintiff does not allege defendant acted under color of state law. Plaintiff also does not plausibly allege a violation of his constitutional or other federal rights. A conclusory assertion that defendant "violated the Eighth and Fourteenth Amendment to the United States Constitution" does not suffice to allege a constitutional violation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("labels and conclusions" do not suffice to state a claim).

Accordingly, the complaint fails to invoke the court's subject matter jurisdiction. Separately, and in addition, plaintiff fails to state a claim under any of the California statutes under which plaintiff brings his claims.

California's Consumer Legal Remedies Act ("CLRA") makes illegal "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in *the sale or lease of goods or services to any consumer*." Cal. Civ. Code § 1770 (emphasis added). A CLRA claim must satisfy the heightened pleading standard for fraud. See Fed. R. Civ. P. 9(b); Herron v. Best Buy Co. Inc., 924 F. Supp. 2d 1161, 1170 (E.D. Cal. 2013). Plaintiff does not allege he relied on defendant's misrepresentations in deciding to make a purchase of any goods or services, or that he suffered economic injury resulting from any such purchase. He therefore has no claim under the CLRA. See Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 793 (9th Cir. 2012) (affirming dismissal of CLRA claim because the plaintiff did not allege economic injury, reliance, or causation).

California's false advertising law ("FAL") prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. A private cause of action exists for "[a]ny person who has suffered injury in fact *and has lost money or property as a result of a violation*[.]" Cal. Bus. & Prof. Code § 17535; see also Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005), aff'd, 252 F. App'x 777 (9th Cir. 2007) (dismissing FAL claim where plaintiffs did not allege reliance on defendants' advertisements in entering into transactions for sale). Plaintiff does not allege he entered into any transactions for sale or that he lost money or property as a result of entering into transactions for sale because of defendant's alleged misrepresentations. Plaintiff fails to state a California FAL claim. See Cal. Bus. & Prof. Code § 17535.

Plaintiff also cites §17500.5 of the California Business and Professional Code. This section prohibits "[u]nadvertised restrictions as to limitations on quantity of articles advertised[.]" Cal. Bus. And Prof. Code § 17500.5. Plaintiff does not allege defendant restricted the quantity of an article advertised for sale or refused to sell an article at the advertised price. See id., subd. (a)-(b). Accordingly, this section has no bearing on any of defendant's alleged conduct.

### IV. Order and Recommendation

The complaint fails to invoke the court's subject matter jurisdiction and fails to state a claim. The complaint must be dismissed, and the undersigned recommends leave to amend not be

granted in this instance. The complaint's allegations and legal theories are clearly pleaded and establish that the deficiencies cannot be cured by amendment. See Noll, 809 F.2d at 1448. Specifically, plaintiff cannot sue under the Federal Trade Commission Act and it is also evident that he cannot maintain a claim for relief under any of the state consumer remedies statutes under which he attempts to bring his claims.

In accordance with the above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2024

_[signature]_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, nasi24cv2111.scrn.fr